Dear Hon. Lemoine:
This office is in receipt of your request for an Opinion from the Attorney General on two (2) specific questions pertaining to employment for justices of the peace and constables. Your concerns and the Attorney General's responses to those concerns are presented as follows.
I. CAN A JUSTICE OF THE PEACE OR A CONSTABLE POSSIBLY WORK AT A CASINOOUTSIDE THEIR DISTRICT AND PARISH?
You asked whether a justice of the peace or a constable can work at a casino outside their respective district and parish. The answer to that question is generally no — both as to the justice of the peace and the constable.
The Louisiana Economic Development and Gaming Corporation Law (found at LA. REV. STAT. § 27:201, et seq.) prohibits an elected justice of the peace or an elected constable from holding employment with a casino gaming operator as defined by LA. REV. STAT. § 27:205(5).[1] LA. REV. STAT. § 27:261 pertinently provides:
 A. No public officer as defined in R.S. 42:1
shall engage in any business activity with a casino gaming operator except as a patron or as a performing professional musician in the official gaming establishment or other premises where authorized gaming activities are conducted. If the official is a performing professional musician, the official shall give notice to the Board of Ethics and the Louisiana Gaming Control Board not later than five days prior to any performance. If the official is also subject to the Judicial Canons of Ethics, then he must also provide such notice to the judicial administrator of the Louisiana Supreme Court. Such notice shall include but not be limited to the following information: the date, time and location of the performance; the amount of compensation the official has contracted to receive for the performance; and the identity of the person or entity providing compensation to the official. A copy of the contract shall also be attached to such notice. Cash compensation to the official for the performance is prohibited by this Section. The Board of Ethics may promulgate rules to provide for additional information to be included in such notice.
 B. As used in this Section, business activity shall specifically include but not be limited to contracts:
 (1) For the sale or purchase of goods, merchandise, and services.
 (2) To provide or receive legal services, advertising, public relations, or any other business or personal service.
 (3) For the listing, purchasing, or selling of immovable property or options or real rights relating thereto.
 (4) Modifying ownership or possessory interests in stocks, bonds, securities, or any financial instrument.[2]
Consequently, no "public official" shall engage in a business activity with a "casino gaming operator" unless the public official is performing as a professional musician and, in doing so, strictly complies with the requirements delineated in LA. REV. STAT. § 27:261(A). The term "casino gaming operator" is defined as:
 (5) "Casino gaming operator" or "casino operator" means any person who enters into a casino operating contract with the corporation requiring that person to conduct casino gaming operations according to the provisions of this Chapter.[3]
In turn, the term "Casino gaming operations" means any gaming operations offered or conducted at or in the official gaming establishment.[4]
LA. REV. STAT. § 42:1 defines "public officer" as any person holding a public office in this state:
 As used in this title, the term "public office" means any state, district, parish or municipal office, elective or appointive, or any position as member on a board or commission, elective or appointive, when the office or position is established by the constitution or laws of this state.[5]
LA. CONST. Art. 5, § 20 establishes the justice of the peace court.[6] The justices are elected pursuant to LA. REV. STAT. §§ 13:2581 and 2582.[7]
The constables are elected pursuant to LA. REV. STAT. § 13:2583.[8]
It is thus our opinion the offices of justice of the peace and constable are public offices. Further, holding employment with a casino gaming operator is a business activity as defined by LA. REV. STAT. § 27:261. Accordingly, it is our opinion that an elected justice of the peace and/or an elected constable cannot hold employment with a casino gaming operator unless they are performing as a professional musician and they strictly comply with the requirements delineated in LA. REV. STAT. § 27:261(A).
As an aside, you noted the casino is located outside the concerned district and parish. However, LA. REV. STAT. § 27:261 makes no exception for public officials located in a district or parish different from that of the "official gaming establishment".
The determination is consistent with a prior opinion reached and issued by this Office.[9]
 A. Additional information for your consideration.
1. THE VIDEO DRAW POKER DEVICES CONTROL LAW
The Video Draw Poker Devices Control Law (found at LA. REV. STAT. § 27:301, et seq.) contemplates commercial establishments which have on their premises video draw poker machines.[10] A review of this Law, and in particular LA. REV. STAT. § 27:316, revealed anyone employed by or performing any function on behalf of the division of the Louisiana State Police, Department of Public Safety and Corrections which provides investigatory, regulatory, and enforcement services to the Louisiana Gaming Control Board in the implementation, administration, and enforcement of the Louisiana Gaming Control Law may not be an employee of any person or entity licensed by said division under the Video Draw Poker Devices Control Law.[11] No such prohibition appears to exits against elected officials such as justices of the peace and/or constables. So it is the opinion of this Office there is no prohibition against a justice of the peace or a constable from being employed by a person or entity who conducts operations under the Video Draw Poker Devices Control Law.
2. THE LOUISIANA PARI-MUTUEL LIVE RACING FACILITY ECONOMICREDEVELOPMENT AND GAMING CONTROL ACT.
The Louisiana Pari-mutuel Live Racing Facility Economic Redevelopment and Gaming Control Act (found at LA. REV. STAT. § 27:351, et seq.) contemplates commercial establishments which offer pari-mutuel wagering on their premises.[12] A review of this Act, and in particular LA. REV. STAT. § 27:373(A)(2), revealed no elected official, such as yourself, shall engage in any business activity with a licensee under the Louisiana Pari-mutuel Live Racing Facility Economic Redevelopment and Gaming Control Act except as a patron.[13] Accordingly, it is our opinion that an elected justice of the peace and/or an elected constable cannot hold employment with an establishment which falls under the Louisiana Pari-mutuel Live Racing Facility Economic Redevelopment and Gaming Control Act.
B. Additional situations for your consideration.
We would also offer for your consideration the following. LA. REV. STAT. § 27:96(A)(1) prohibits elected officials from engaging in any business activity with a riverboat licensee except as a patron or performing professional musician.[14] LA. REV. STAT. § 27:96 falls under the general parameters of The Louisiana Riverboat Economic Development and Gaming Control Act (as found at LA. REV. STAT. § 27:41,et seq.) so this particular aspect of the Opinion is limited to riverboats (as opposed to land-based casinos).[15]
But LA. REV. STAT. § 27:96(A)(2)(a) carves out a specific exception to LA. REV. STAT. § 27:96(A)(1) and permits an elected public official who is "a member of a governing authority of a parish" to engage in any business activity with a licensee if the elected official was elected to his initial term in 2004 and is a "non-key gaming employee" (as defined by LA. REV. STAT. § 27:3(17)) of the licensee if such employment commenced at least four (4) years prior to holding elective public office.[16] LA. REV. STAT. § 27:96(A)(2)(b) allows for another exception to LA. REV. STAT. § 27:96(A)(1) and permits an elected public official who is "a member of a school board" to engage in any business activity with a licensee if the elected official was elected to his initial term in 2004 and is a "non-key gaming employee" (as defined by LA. REV. STAT. § 27:3(17)) of the licensee if such employment commenced at least four (4) years prior to holding elective public office.[17]
The two (2) aforementioned exceptions (for members of the governing parish authority and school board members) do not apply to your situation but they are both worth mentioning.
C. Employment at a tribal casino.
We would also offer for your consideration the following. A review of pertinent law and compacts revealed no prohibition against an elected justice of the peace or an elected constables working at a tribal casino. Apparently, a bill was filed during the Foster administration which would have prohibited elected public officials from doing business with tribal casinos but the bill was vetoed by Governor Foster. Since that time, no such bill has been filed and/or ratified. It thus appears elected officials can seek employment with tribal casinos.
2. ARE THERE ANY JOBS A JUSTICE OF THE PEACE OR CONSTABLE CAN'T BEEMPLOYED AT?
You next ask "[A]re there any jobs a justice of the peace or constable can't be employed at?" The simple answer to this question, as evidenced by our response to your first questions, is yes. But that answer does not likely respond to the nature of your question. Unfortunately, your question is rather open-ended and it would be impossible for this Office to identify every possible job and then advise one way or the other whether a justice of the peace or a constable could occupy it. To that end, it may prove beneficial for you to inform us what particular job concerns you. We can then dutifully advise you as to whether or not a justice of the peace or constable can occupy that particular position.
Be that as it may, we suggest you review LA. REV. STAT. § 42:61,et seq., the body of legislation which governs dual office-holding and dual employment.[18] Please pay particular attention to LA. REV. STAT. § 42:63, which delineates the prohibitions against elected officials holding certain positions and employment.[19] Additionally, we suggest you review the Louisiana Public Contract Law, found at LA. REV. STAT. § 14:140, which prohibits a public officer or public employee from using his power or position as a public officer or employee to secure any expenditure of public funds to himself or to any partnership of which he is a member, or to any corporation of which he is an officer, stockholder, or director.[20]
 3. RECOMMENDATION
In consideration of your request for an opinion from this office regarding the appropriateness of certain employment opportunities, we suggest you, as an elected member of the judiciary, consult with the Judicial Administrator, Dr. Hugh Collins.
If we may be of further assistance, please do not hesitate to contact the undersigned.
 Yours very truly,
 CHARLES C. FOTI, JR. ATTORNEY GENERAL
 By:_________________ DAVID A. YOUNG Assistant Attorney General
 CCF, JR:DAY:jv
[1] LA. REV. STAT. §§ 27:261; 27:205(5).
[2] LA. REV. STAT. §§ 27:261(A) and (B).
[3] LA. REV. STAT. § 27:205(5).
[4] LA. REV. STAT. § 27:205(4).
[5] LA. REV. STAT. § 42:1.
[6] LA. CONST. Art. 5, § 20.
[7] LA. REV. STAT. §§ 13:2581 and 2582.
[8] LA. REV. STAT. § 13:2583.
[9] OP. ATTY. GEN. NO. 96-65.
[10] LA. REV. STAT. § 27:301, et seq.
[11] LA. REV. STAT. § 27:316.
[12] LA. REV. STAT. § 27:351, et seq.
[13] LA. REV. STAT. § 27:373(A)(2).
[14] LA. REV. STAT. § 27:96(A)(1).
[15] LA. REV. STAT. § 27:41, et seq.
[16] LA. REV. STAT. § 27:96(A)(2)(a).
[17] LA. REV. STAT. § 27:96(A)(2)(b).
[18] LA. REV. STAT. § 42:61, et seq.
[19] LA. REV. STAT. § 42:63.
[20] LA. REV. STAT. § 14:140(A).